**FILED.**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
*By jpayton at 3:55 pm, Mar 24, 2014*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE:<br>WILLIAM W. CARNEY AND<br>JANICE M. CARNEY | )<br>)<br>) | Chapter 13 Case<br>Number <u>12-11550</u> |
| | ) | |
| Debtors | ) | |
| _____ | ) | |
| WILLIAM W. CARNEY AND<br>JANICE M. CARNEY, | )<br>) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Adversary Proceeding |
| v. | ) | Number <u>13-01019</u> |
| | ) | |
| CITIMORTGAGE, INC., SECRETARY<br>OF VETERANS AFFAIRS AND<br>LESLIE RICHARDS, P.C., | )<br>)<br>) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

## OPINION AND ORDER

Before the Court is a Motion to Dismiss filed by Leslie Richards, P.C. (the "Richards Firm") seeking dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012. The Richards Firm seeks dismissal of Counts Two through Nine for lack of subject matter jurisdiction and

failure to state a claim upon which relief may be granted.[1]  For the following reasons, the Richards Firm's motion to dismiss is denied.

**FINDINGS OF FACT**

William and Janice Carney filed a chapter 13 bankruptcy petition.  Thereafter, they filed this adversary proceeding seeking to set aside a foreclosure on their home as well as actual and punitive damages against the Richards Firm for violations of O.C.G.A. §18-5-1 et seq., breach of contract, breach of warranty, and fraud and negligence relating to the unauthorized practice of law.

The complaint alleges Debtors experienced financial hardships including difficulty making their mortgage payments because of medical issues.  Prior to filing bankruptcy, Debtors searched the internet for assistance in obtaining a home loan modification with CitiMortgage, Inc.  Debtors found the Richards Firm's website which advertised the firm's foreclosure prevention

---

[1]  The Richards Firm cites Federal Rule of Civil Procedure 12(b)(2) in his brief but does not articulate any reason for its 12(b)(2) argument.  Since no argument or evidence is presented, this portion of the Richards Firm's motion is denied.  Furthermore, Debtors' complaint alleges sufficient personal jurisdiction facts to satisfy the due process and minimum contacts necessary to survive a motion to dismiss for lack of personal jurisdiction.  International Shoe v. Washington, 326 U.S. 310, 316 (1945)(defendant must have "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'").

2

expertise. Dckt. No. 1, Ex. C. Mr. Carney contacted the Richards Firm and spoke with Mr. Jeff Cooper ("Cooper"), an employee/agent of the Richards Firm. Mr. Carney and the Richards Firm entered into a Retainer Agreement. <u>Id.</u>, Ex. D. Debtors paid $3,897.00 to retain the services of the Richards Firm. The complaint alleges several emails and additional correspondence transpired between Mr. Carney and the Richards Firm wherein the Richards Firm assured the Carneys that it was working on their behalf and no foreclosure would occur. The Carneys received additional letters from CitiMortgage, Inc. about foreclosing on their home. They forwarded this correspondence to the Richards Firm and the firm continued to assure them that they were working on Debtors' behalf, and loan modifications just took time. Ultimately, the Debtors' residence was foreclosed upon by CitiMortgage, Inc. and the Debtors filed this adversary against the Richards Firm and others.

### CONCLUSIONS OF LAW

The Richards Firm argues the causes of actions against it should be dismissed in accordance with the Supreme Court's <u>Stern v. Marshall</u>, __ U.S. __, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). The firm also argues the claims asserted against it are only "related to" non-core causes of actions and therefore the Court lacks jurisdiction to hear the matter. Lastly, the Richards Firm argues

3

Count Two of the complaint fails to state a claim against the firm, and therefore should be dismissed.

Debtors' brief concedes the claims against the Richards Firm are non-core as defined in 28 U.S.C. §157(b)(2), but they argue the Court has subject matter jurisdiction as the claims are "related to" the bankruptcy case and thus the bankruptcy court may hear the matter and submit proposed findings of fact and conclusions of law to the District Court pursuant to 28 U.S.C. §157(c)(1).

**Lack of Subject-Matter Jurisdiction.**

District courts have jurisdiction to consider "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b). District courts may refer any and all such cases and proceedings to bankruptcy courts. 28 U.S.C. §157(a). The District Court for the Southern District of Georgia has referred all such matters to the bankruptcy court by standing order. In Re: Jurisdiction of the United States Bankruptcy Court for the Southern District of Georgia (S.D. Ga. July 13, 1984)(Alaimo, C.J.).

A bankruptcy judge may hear and determine all bankruptcy cases, but may enter final orders and judgments only in "core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. §157(b)(1). A non-exhaustive list of core

4

proceedings are set forth in 28 U.S.C. §157(b)(2). A proceeding "arises under" title 11 when it invokes a substantive right created by the Bankruptcy Code. <u>Lawrence v. Goldberg</u>, 573 F.3d 1265, 1270 (11th Cir. 2009). A proceeding "arises in" a case under title 11 when it involves administrative-type matters that could only arise in the bankruptcy context. <u>Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)</u>, 170 F.3d 1340, 1345 (11th Cir. 1999).

In non-core proceedings, bankruptcy judges cannot enter final orders, rather they must "submit proposed findings of fact and conclusions of law to the district court." 28 U.S.C. §157(c)(1). A proceeding that is merely "related to" a bankruptcy case is non-core. <u>See In re Matrix Imaging Servs. Inc.</u>, 479 B.R. at 188-89 (bankruptcy judges required to submit findings of fact and conclusions of law in "related to" proceedings) <u>citing In re Schmidt</u>, 453 B.R. 346, 350 (B.A.P. 8th Cir. 2011) (core proceedings are those "arising under" title 11 or "arising in" a case under title 11).

A proceeding is "related to" a bankruptcy case when "the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy." <u>Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)</u>, 910 F.2d 784, 788 (11th Cir. 1990) <u>quoting Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3d Cir. 1984).

5

As the court in <u>In re Matrix Imaging Servs. Inc.</u>, 479 B.R. 182, 188 (Bankr. S.D. Ga. 2012) explains:

> The scope of 'related to' jurisdiction includes '(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. §541, and (2) suits between third parties which have an effect on the bankruptcy estate.' 'Related to' jurisdiction is 'primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others.' A bankruptcy court's jurisdiction over these types of matters allows all claims by and against the debtor to be heard in the same forum.

<u>In re Matrix Imaging Servs. Inc.</u>, 479 B.R. 182, 188 (Bankr. S.D. Ga. 2012)(internal citations omitted).

The allegations against the Richards Firm are "related to" the underlying bankruptcy case as pre-petition causes of action under contract, tort, and Georgia statutory law. If Debtors had not filed for bankruptcy, Debtors would have had these stand-alone lawsuits against the Richards Firm. With Debtors' bankruptcy filing, these causes of action became property of the bankruptcy estate pursuant to 11 U.S.C. §541(a)(1) and §1306(a)(1). <u>See Barger v. City of Cartersville</u>, 348 F.3d 1289, 1292 (11th Cir. 2003)("property of bankruptcy estate includes all potential causes of action existing at time petitioner files for bankruptcy.").

6

The Richards Firm argues under the U.S. Supreme Court case of Stern v. Marshall the counts against it must be dismissed since they involve non-bankruptcy, state law claims.  Stern v. Marshall, __ U.S. __, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).  I disagree.  In Stern, the Supreme Court did not hold that the bankruptcy court lacked constitutional authority to enter final judgment on all state law claims.  See In re Sundale, Ltd., 499 F. App'x 887, 892 (11th Cir. Nov. 29, 2012)(noting the Supreme Court did not hold that the bankruptcy court could only enter final orders on federal bankruptcy law claims and no state law claims).  Specifically, the Supreme Court held that the bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim," notwithstanding that the proceeding was core under 28 U.S.C. §157(b)(2)(C).  Stern, 131 S.Ct. at 2620.  The Supreme Court stated that its decision was a narrow one.  Id.  Unlike Stern, the claims against the Richards Firm are non-core and do not implicate 28 U.S.C. §157(b)(2)(C).  Thus, Stern does not prevent the bankruptcy court from submitting a report and recommendation to the District Court.  28 U.S.C. §157(c)(1); Stern, 131 S.Ct. at 2604 ("[W]hen a bankruptcy judge determines that a referred "proceeding . . . is not a core proceeding but . . . is otherwise related to a case under

7

AO 72A
(Rev. 8/82)

title 11," the judge may only "submit proposed findings of fact and conclusions of law to the district court.").

**Failure to State a Claim.**

The Richards Firm avers Count Two of Debtors' Complaint should be dismissed as it fails to state a claim. Count Two is an alleged violation of the Georgia Debt Adjustment Act, set forth in O.C.G.A. §18-5-1 et seq. Pursuant to O.C.G.A. §18-5-2, it is unlawful for any person to accept from a debtor any "charge, fee, contribution, or combination thereof in an amount in excess of 7.5% of the amount paid monthly by such debtor to such person for distribution to creditors of such debtor." O.C.G.A. §18-5-2. Debtors also allege the Richards Firm violated O.C.G.A. §18-5-3.2 by not disbursing funds to Debtors' creditors. See O.C.G.A. §18-5-3.2 (requiring a person engaged in debt adjusting to disburse to the appropriate creditors all funds received from a debtor, less any authorized fees within 30 days of receipt of the funds). Citing the relevant Georgia code sections, Debtors allege the Richards Firm "forced the Debtor, a Georgia Resident, to pay $3,897.00 in order to have Leslie Richards attempt to adjust Debtor's Loan agreement with CitiMortgage and failed distribute any of the $3,897.00 to Debtor's creditor, CitiMortgage." Dckt. No. 1, ¶53.

Federal Rule of Civil Procedure 12(b)(6) made applicable

8

to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, allows a defendant to bring a motion to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "In ruling on a 12(b)(6) motion, the court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." Speaker v. U.S. Dept. of Health and Human Servs. Ctrs. for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). "To survive a motion to dismiss for failure to state a claim, heightened fact pleading of specifics is not required; instead, a plaintiff must plead only enough facts to state a claim to relief that is plausible on its face." Id. citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Under the relevant case law, I find Debtors' complaint states a claim for which relief could be granted sufficient to survive a motion to dismiss. The complaint taken as true reflects that Debtors paid more than three thousand dollars to the Richards Firm and the Richards Firm failed to distribute any money to the lender in violation of O.C.G.A. §18-5-2 and §18-5-3.2. From the

9

complaint, the Court may "draw the reasonable inference" that the Richards Firm may be liable for receiving a fee in excess of the amount allowed by Georgia law and for failing to disburse funds. The Richards Firm argues the contract clearly shows the three thousand dollar fee was for attorneys fees and not for distribution to creditors. However, the alleged violation of the statute is a cause of action allowed by the Georgia statute independent of the contract between the parties. See O.C.G.A. §18-5-4(b)(2); Moon v. CSA-Credit Solutions of America, Inc., 696 S.E.2d 486, 490 (Ga. Ct. App. 2010)(concurrence)(violation of the Georgia Debt Adjustment Act is independent of the contract between the parties). The language of O.C.G.A. §18-5-4(b)(2), specifically provides Debtors with the right to bring a cause of action for violation of the Georgia Debt Adjustment Act. See O.C.G.A. §18-5-4(b)(2). As pled, Debtors' complaint states a claim that the Richards Firm's action violated Georgia's debt adjustment statutes and specifically seek the damages that are allowed under O.C.G.A. §18-5-4(b)(2). Therefore, I find Debtors' complaint states a claim sufficient to survive a motion to dismiss. See Ashcroft v. Iqbal, 129 S.Ct. at 1949.

It is therefore ORDERED that the Richards Firm's Motion to Dismiss is DENIED.

Susan D. Barrett

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 24th day of March, 2014.

AO 72A
(Rev. 8/82)